## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2220 | **DATE** | 4/23/2004 |
| **CASE TITLE** | Denton, et al. vs. NE IL Reg Commuter RR | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Plaintiffs' Motion for Leave to File Their First Amended Complaint [20-1] is denied. Status remains set for 5/6/04 at 9:45 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 2 6 2004 | |
| | Notified counsel by telephone. | date docketed | 24 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/23/2004 | |
| GR | courtroom deputy's initials | date mailed notice GR | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL DENTON, RANDI L. KREMIAN and DORIS MARIE GRANAT-MONTEIL<br>　　　　Plaintiffs,<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION<br>　　　　Defendant. | Cause No. 02 C 2220<br><br>Magistrate Judge<br>Geraldine Soat Brown |

DOCKETED APR 26 2004

## MEMORANDUM OPINION AND ORDER

In 2002, Plaintiffs Daniel Denton, Randi Kremian and Doris Marie Granat-Monteil filed this lawsuit alleging that, on or after July 2000, they became ill because of unknown molds, fungi and/or bacteria in their workplace, the corporate offices of Defendant Northeast Illinois Regional Commuter Railroad Corporation (commonly known as METRA). [Dkt 1.][1]

Plaintiffs have now moved for leave to amend their complaint against METRA to add a Count IV alleging a claim of spoliation of evidence. [Dkt 20.] Specifically, Plaintiffs claim that they learned in discovery that on two occasions between December 2000 and February 2001, METRA's industrial hygiene engineer, Ronald Bachus, took samples or swabs of a "greenish black oily substance" that was present on office equipment and furniture, and that METRA negligently failed to maintain or analyze the substances collected. (Pls.' Mot., Ex. 2, First Am. Compl. Ct. IV, ¶¶ 11, 13, 20.) For the reasons set forth below, Plaintiffs' motion is denied.

---

[1] Jurisdiction over this case exists because Plaintiffs bring their action pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*. Plaintiffs posit supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim of spoliation of evidence. The parties have consented to the jurisdiction of a Magistrate Judge. [Dkt 8 and 9.]

1

Leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a). However, the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendant argues that Plaintiffs' motion should be denied because it is futile, untimely and prejudicial. (Def.'s Resp. at 1.)

A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *see also Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002); *Krippelz v. Ford Motor Co.*, No. 98 C 2361, 2003 WL 466109 at *5 (N.D. Ill. Feb. 24, 2003) (Zagel, J.). When considering a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *Wilson v. Formigoni*, 42 F.3d 1060, 1062 (7th Cir. 1994); *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). Dismissal is properly granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir. 1993) (quotation omitted). "In other words, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

The Illinois Supreme Court set forth the elements necessary for a spoliation of evidence claim in *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267 (Ill. 1995). In *Boyd*, a heater allegedly allowed propane gas to escape, resulting in an explosion that caused the plaintiff's injury. 652 N.E.2d at 269.

The insurance adjuster who was investigating the plaintiff's worker's compensation claim took custody of the heater and placed the heater in a closet from which it disappeared. *Id.* The Illinois Supreme Court declined to recognize an independent tort for negligent spoliation of evidence but held that relief is available if a claim can be stated under ordinary negligence theories. *Id.* at 269-70. Accordingly, in a spoliation of evidence claim, the plaintiff must plead the existence of a duty, a breach of that duty, an injury proximately caused by the breach, and damages. *Id.* at 270. METRA argues that Plaintiffs have failed to allege the existence of a duty or that an injury was proximately caused by the alleged breach. (Def.'s Resp. at 6-7.)

It is important to note that in *Boyd* and in the other Illinois cases cited herein the plaintiffs' claims for spoliation of evidence were evaluated under the fact-pleading approach of the Illinois courts. In this case, however, Plaintiffs' claim for spoliation of evidence must be evaluated under the notice-pleading system used in the federal courts. *See, e.g., Veazey*, 194 F.3d at 854 (noting that, in contrast to fact-pleading, the federal rules follow the notice-pleading approach, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief).

1. Existence of a Duty

In general, there is no duty to preserve evidence; however, a duty may arise through an agreement, a contract, a statute, or other special circumstances such as the assumption of a duty by affirmative conduct. *Boyd*, 652 N.E.2d at 270-71. If one of those circumstances exists, then a defendant "owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Id.* at 271. One Illinois court has described this as a two-prong test for the existence of a duty to preserve

3

evidence: (1) the relationship prong; and (2) the foreseeability prong. *Andersen v. Mack Trucks, Inc.*, 793 N.E.2d 962, 967 (Ill. App. 2nd Dist. 2003). Unless both prongs are satisfied, there is no duty to preserve evidence. *Id.*

In this case, Plaintiffs first allege that as employees of METRA, their only remedy for workplace illness or injury is through the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (First. Am. Compl. Ct. IV, ¶ 15.) Plaintiffs then allege that METRA owed them "a duty to preserve all evidence relating to the source of plaintiffs' injuries during the course of their employment with [METRA]." (*Id.* Ct. IV, ¶ 16.) Presumably, this allegation is to intended to satisfy the relationship prong of the test, although Plaintiffs' Motion and Reply cite no authority to support the existence or parameters of such a legal duty. Plaintiffs then allege that METRA had a specific duty to preserve the samples taken by the industrial hygienist which was "voluntarily created by its affirmative conduct," in that "defendant took a collection of samples of substances that were unnaturally accumulating in areas of the office space occupied by employees in response to their complaints." (*Id.* Ct. IV, ¶ 18(a); Pls.' Reply at 4.) Plaintiffs allege that METRA knew or should have known that preservation and analysis of the greenish black oily substance was material to potential civil claims of its employees because the samples were taken partially as a result of complaints by METRA's employees, including Plaintiffs, of building related illnesses. (First Am. Compl. Ct. IV, ¶ 18.) Plaintiffs allege that during the months of December 2000 and January and February 2001, several METRA employees working on the same floor as Plaintiffs complained of illness or showed physical signs of ill-being. (*Id.* Ct. IV, ¶ 14). The samples were allegedly taken during that same time period. (*Id.* Ct. IV, ¶ 12.) Significantly, Plaintiffs fail to allege that any claims were threatened or asserted until the filing of this lawsuit in March 2002, and fail to allege any basis for METRA to foresee a

4

civil claim or that the samples would be material evidence in such a claim.

Plaintiffs' allegations are not sufficient to establish a duty to preserve evidence under Illinois law. Under Plaintiffs' theory, the act of taking samples in response to employee complaints would give rise to a duty to preserve the samples indefinitely although no claims were asserted or threatened at the time the samples were taken. Plaintiffs cite no authority to support that theory. Reviewing Illinois cases discussing claims of spoliation, it is unlikely that Illinois courts would find a duty exists based on those facts alone.[2] *See, e.g., Andersen*, 793 N.E.2d at 969 (specifically declining to hold that a request to preserve evidence is sufficient to impose a duty in the absence of some further special relationship); *compare Jackson v. Michael Reese Hosp. & Med. Ctr.*, 689 N.E.2d 205, 208, 212, 214, 217 (Ill. App. 1st. Dist. 1997) (affirming dismissal of a claim for spoliation where the plaintiffs alleged that their malpractice action against a doctor had to be non-suited because the hospital had failed to retain relevant x-rays, but allowing an opportunity to replead where, *inter alia*, the record indicated that the hospital had notice of the malpractice lawsuit and had segregated the x-rays into a litigation file) *with Boyd*, 652 N.E.2d at 271 (the worker's compensation insurance adjuster took custody of the heater two days after an explosion in order to investigate plaintiff's worker's compensation claim).

2. Injury Proximately Caused by the Breach

In *Boyd*, the court stated that to plead causation "a plaintiff must allege sufficient facts to

---

[2] Because the spoliation claim arises under Illinois law, a federal court must apply the law of Illinois as the court believes the Illinois Supreme Court would apply it. *Liberty Mutual Fire Ins. Co. v. Statewide Ins. Co.*, 352 F.3d 1098, 1100 (7th Cir. 2003). The rulings of the Illinois Appellate Courts "must be accorded great weight" in that process. *Id.* (quotation omitted).

5

support a claim that the loss or destruction of the evidence *caused the plaintiff to be unable to prove*

an underlying lawsuit." *Id.*[3] The court explained:

> A plaintiff need not show that, but for the loss or destruction of the
> evidence, the plaintiff would have prevailed in the underlying action.
> This is too difficult a burden, as it may be impossible to know what
> the missing evidence would have shown.
>
> A plaintiff must demonstrate, however, that *but for the defendant's
> loss or destruction of the evidence, the plaintiff had a reasonable
> probability of succeeding in the underlying suit.* In other words, if
> the plaintiff could not prevail in the underlying action even with the
> lost or destroyed evidence, then the defendant's conduct is not the
> cause of the loss of the lawsuit. This requirement prevents a plaintiff
> from recovering where it can be shown that the underlying action was
> meritless.

*Id.* at 271 n. 2 (emphasis added). *See also Farrar v. Yamin*, 261 F. Supp. 2d 987, 994-95 (N.D. Ill. 2003) (applying Illinois law). In other words, "a plaintiff must be able to prove with sufficient facts that the loss or destruction of the evidence hindered its ability to maintain or defend a suit." *China Ocean Shipping Co. v. Simone Metals Inc.*, No. 97 C 2694, 1999 WL 966477 at *3 (N.D. Ill. Oct. 1, 1999) (Holderman, J.) (applying Illinois law).

Here, Plaintiffs have failed to allege that but for the loss or destruction of the alleged samples they would have had a reasonable probability of succeeding in the underlying suit. The only allegation relating to causation in Plaintiffs' proposed amended complaint is incomplete: "As a direct

---

[3] Although the parties do not question the ripeness of Plaintiffs' claim for negligent spoliation, it could be inferred from the causation requirement under *Boyd* that a claim for negligent spoliation should only be brought *after* the underlying lawsuit has actually been lost. However, the Illinois Supreme Court specifically addressed the issue in *Boyd* and noted that it would make the most sense for a single trier of fact "to hear an action for negligent spoliation concurrently with the underlying suit on which it is based," because "[i]f a plaintiff loses the underlying suit, only the trier of fact who heard the case would know the real reason why." 652 N.E.2d at 272.

and proximate result of defendant's negligence in destroying evidence, specifically the samples collected by Mr. Bachus, plaintiffs' ability to ascertain the toxicity of the greenish black oily substances." (First Am. Compl. Ct. IV, ¶ 21.) Furthermore, Plaintiffs have not indicated that the loss or destruction of the alleged samples will hinder or prevent them from proving their FELA claims. *See e.g., Jackson*, 689 N.E.2d at 214 (trial court was correct in finding the complaint deficient for failing to show how the missing x-rays would have impacted on plaintiffs' ability to prove the underlying lawsuit). In cases where spoliation claims have not been dismissed, the unavailable evidence was, in the words of the court in *Boyd*, "the key piece of evidence." 652 N.E.2d at 271. *See, e.g., Boyd*, 652 N.E.2d at 269 (missing heater in products liability action); *Williams v. General Motors Corp.*, No. 93 C 6661, 1996 WL 420273 at *1 (N.D. Ill. July 25, 1996) (Grady, J.) (missing front right tire, bent tie rod and removed passenger door of van involved in single vehicle traffic accident).

Plaintiffs filed the underlying lawsuit prior to knowing or learning that any alleged samples or swabs had been taken by Mr. Bachus. Presumably, Plaintiffs believed – at that time – that they could succeed on their FELA claims without such evidence. Plaintiffs have provided no explanation why circumstances have changed and the alleged samples or swabs are now paramount or key evidence to its underlying case. *See Clark v. City of Chicago*, No. 97 C 4820, 2000 WL 875422 at *13 (N.D. Ill. June 28, 2000) (Plunkett, J.) (granting defendant's motion for summary judgment on spoliation of evidence claim because, although the evidence that was destroyed "might have contained additional relevant information, such information would not make or break [plaintiff's] claim;" it was not the "linchpin" of the case).

Moreover, Plaintiffs state that the witness' description of the oily substance that was sampled

7

matches the description of harmful molds which experts attribute to "sick building syndrome." (Pls.' Reply at 5.) That argument suggests that, even without the samples, there is sufficient evidence to allow an expert to opine within a reasonable degree of certainty as to the cause of Plaintiffs' injuries. In contrast, in *Boyd*, the plaintiff's injury resulted from the fact that without an examination of the heater, no expert could testify as to whether the heater was defective or had been dangerously designed. 652 N.E.2d at 269.

Because Plaintiffs have failed to allege proximate cause, Plaintiffs' claim for spoliation would not survive a motion to dismiss. Therefore, Plaintiffs' claim for spoliation of evidence is futile and their motion for leave to amend the complaint is denied.[4]

It is important to note that this ruling is limited to the assertion of a separate claim for spoliation of evidence. It is not a ruling one way or the other regarding any possible adverse inference instruction to the jury, because that issue is not before the court.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Their First Amended Complaint is denied.

**IT IS SO ORDERED.**

Geraldine Soat Brown
United State Magistrate Judge

April 23, 2004

---

[4] Defendant also claims that Plaintiffs' motion is unduly delayed and prejudicial. (Def.'s Resp. at 8.) Because the court finds that the motion is futile, there is no need to address those arguments.

8